[No. 3,893.]

## M. J. O'NEIL v. GEORGE DOUGHERTY.

STIPULATION AS TO FILING STATEMENT.—A stipulation made on the day that a statement, on motion for a new trial, should be filed, "that the foregoing constitutes a true and correct, engrossed and settled statement, * * * *, hereby waiving all informalities in respect to filing and service of the same," does not justify the moving party in neglecting to file the statement for five months after the date of the stipulation.

IDEM.—In such case, the right to move for a new trial is waived by the neglect to file the statement.

APPEAL from the District Court of the Nineteenth Judicial District, City and County of San Francisco.

The facts are stated in the opinion.

*Crane & Johnston,* for Appellant.

*Pixley & Harrison,* for Respondent.

By the COURT :

Section 195 of the Practice Act provides that if the statement on motion for new trial be not filed within five days after service of the notice of intention to move for a new trial, or within such further time as may be agreed upon or granted, the right to move for a new trial shall be deemed waived. The Court below disregarded the defendant's statement and denied his motion for a new trial, on the ground that his statement was not filed in time.

It appears from the record that the cause was tried on the twenty-ninth of August, 1872, and the verdict rendered on that day. On the second of September following the de-

fendant's counsel gave notice of intention to move for a new trial. On the 7th of that month he procured an extension of five days, and on the 11th a further extension of three days in which to file his statement. No further extension was granted, and the statement should consequently have been filed on or before the 14th. On that day counsel for the respective parties stipulated "that the foregoing constitutes a true and correct engrossed and settled statement on the defendant's motion for new trial, hereby waiving all informalities in respect to filing and service of same;" but the statement was not, in fact, filed until the twenty-second of March, 1873.

It is clear that the right to move for a new trial must be deemed to have been waived, unless it is saved by the stipulation. But we see nothing in that to justify the long delay in filing the papers.

No error appears upon the judgment roll, and the judgment and order are, therefore, affirmed.